UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY DEE HOUSER,<br><br>              Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | CASE NO. C15-1106-RSL-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Larry Dee Houser proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1955.[1] He has a bachelor's degree and previously worked as a department manager at a lumber company, and retail sporting goods manager. (AR 55,

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

178.)

Plaintiff filed an application for DIB in March 2012, alleging disability beginning January 1, 2008. (AR 151-54.) His application was denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 90-92, 95-98.)

On October 23, 2013, ALJ Virginia M. Robinson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 31-62.) On November 27, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 14-26.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 26, 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not been gainfully employed between the alleged onset date and the date last insured. (AR 16.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease, diabetes, obesity, hypertension, late effects of injuries to the nervous system, and organic brain syndrome. (AR 16-17.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 17-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

REPORT AND RECOMMENDATION
PAGE - 2

residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work as defined in 20 C.F.R. § 404.1567(c). He can lift and/or carry 50 pounds occasionally, and 25 pounds frequently. He can stand/walk for about six hours, and sit for about six hours in an eight-hour workday with normal breaks. He can frequently climb ramps and stairs, stoop, crouch, and crawl. He can occasionally climb ladders, ropes, or scaffolds, and balance. He should avoid moderate exposure to workplace hazards, such as dangerous machinery and unprotected heights. He is limited to simple tasks. He can adjust to expected changes, or to occasional unexpected changes. (AR 19-24.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 24.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing other jobs, such as automobile detailer, kitchen helper, and industrial cleaner. (AR 25-26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing the medical opinions of Hayden Hamilton, M.D., and Gordon Hale, M.D.; (2) discounting Plaintiff's credibility; and (3) assessing the opinion of Anselm Parlatore, M.D.  He asks that the ALJ's decision be reversed and his claim remanded for a finding of disability or, in the alternative, for further proceedings.  The Commissioner concedes that the ALJ erred in assessing the opinions of Drs. Hamilton and Hale, and argues that a remand for further proceedings is appropriate.

### Scope of Remand

The Commissioner agrees that the ALJ's decision contains error, and that Plaintiff is entitled to a de novo hearing, with an opportunity to present new evidence.  Dkt. 15 at 5-6.  The Commissioner specifically agreed to require that the ALJ reevaluate "the medical opinion evidence, including the conclusions of Dr. Hamilton and Dr. Hale."  Dkt. 15 at 5.

Plaintiff maintains his position that a remand for a finding of disability is the more appropriate remedy.  Dkt. 18 at 2.  If the case is remanded for further proceedings, Plaintiff requests that the Court order the ALJ to reconsider all of the issues addressed in Plaintiff's assignments of error, rather than only the errors conceded by the Commissioner.  Dkt. 18 at 1-2.

### Legal Standards

The Court has discretion to remand for further proceedings or to award benefits.  *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Before remanding a case for an award of benefits, three requirements must be met.  First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether

REPORT AND RECOMMENDATION
PAGE - 4

claimant testimony or medical opinion.'" *Id*. (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. at 495 (quoting Garrison, 759 F.3d at 1021).[2] *See also Treichler*, 775 F.3d 1101 ("Third, if we conclude that no outstanding issues remain and further proceedings would not be useful, we . . . [find] the relevant testimony credible as a matter of law, and then determine whether the record, taken as a whole, leaves "'not the slightest uncertainty as to the outcome of [the] proceeding[.]'") (citations omitted).

Finally, even with satisfaction of the three requirements, the Court retains "'flexibility'" in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021). The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*. As recently stated by the Ninth Circuit:

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Id.* at 495 (quoted sources omitted). *Accord Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d

---

[2] The Court considers the existence of outstanding issues *before* considering whether to credit a claimant's testimony or a medical opinion as a matter of law. *Brown-Hunter*, 798 F.3d at 757; *Treichler*, 775 F.3d at 1105. *But see Garrison*, 759 F.3d at 1020 n.26, 1021 (stating, prior to *Brown-Hunter* and *Treichler*, that the "credit as true" factor incorporates the question of whether any outstanding issues must be resolved).

1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.")  If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings.  *Treichler*, 775 F.3d at 1105.

<u>The ALJ's Errors</u>

The first step of the "credit as true" rule requires the court to determine whether the ALJ erred in rejecting evidence.  The Commissioner concedes that the ALJ erred in assessing the medical opinions of Drs. Hamilton and Hale.  Plaintiff also argues that the ALJ erred in assessing the medical opinion of Dr. Parlatore, and in discounting his own credibility, but the Commissioner presents no specific argument as to these issues.

The Court finds that the ALJ's adverse credibility determination is supported by at least one clear and convincing reason.  The ALJ noted that Plaintiff received unemployment benefits during a period he claimed to be disabled, and that he continued to look for work after his unemployment benefits expired.  (AR 21.)  Receipt of unemployment benefits, which are predicated on a certification that the recipient is able to work, as well as ongoing job applications, undermine a claimant's allegation that he or she cannot work.  *See* RCW 50.20.010 (Washington's unemployment benefits eligibility requirements); *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009) (holding that the ALJ properly considered evidence of claimant's attempts to find employment in evaluating her credibility).

Plaintiff argues that this reason is not dispositive, but should be considered in the context of the entire record.  Dkt. 11 at 13.  The ALJ did consider the remainder of the record, and thus Plaintiff has not shown that the ALJ erred in considering his receipt of unemployment benefits, and his efforts to find a job, in that context.

REPORT AND RECOMMENDATION
PAGE - 6

Plaintiff also contends that his receipt of unemployment benefits is not a clear and convincing reason to discount his credibility, because he did not apply for Social Security benefits until March 2012, almost a year after his unemployment compensation benefits expired in May 2011. Dkt. 11 at 13.[3]  But the relevance of Plaintiff's application date is minimal, in the context of this argument: the issue is that Plaintiff alleged his disability began on January 1, 2008, even though he received unemployment benefits until May 2011 and continued to look for jobs even after those benefits expired.  The period of overlap is significant.

Plaintiff further argues that the fact that he applied for jobs does not demonstrate that he was actually capable of performing those jobs.  Dkt. 11 at 14.  This speculative argument does not demonstrate that the ALJ was unreasonable in finding that Plaintiff's representations and beliefs about his ability to work undermined the credibility of his allegation of disability during the same time period.

This proper adverse credibility determination also supports the ALJ's assessment of Dr. Parlatore's opinion.  The ALJ discounted part of Dr. Parlatore's opinion because it appeared to be based on subjective reports rather than clinical findings.  (AR 23.)  Plaintiff argues that this reason is not sufficient because the ALJ's adverse credibility determination was erroneous, but because, as explained *supra*, the ALJ properly discounted Plaintiff's credibility, the ALJ was entitled to discount Dr. Parlatore's opinion to the extent that he relied on Plaintiff's subjective reports.  *See Bray*, 554 F.3d at 1228.

Although Plaintiff argues that Dr. Parlatore did not rely on Plaintiff's subjective

---

[3] Plaintiff also notes that he amended his alleged onset date to June 1, 2011, but it does not appear that he requested this amendment until after the ALJ issued her decision. Dkt. 11 at 13 (citing AR 246 (Plaintiff's brief to the Appeals Council)).  The period under consideration by the ALJ was January 1, 2008, through June 30, 2013.  (*See* AR 26.)

REPORT AND RECOMMENDATION
PAGE - 7

complaints in lieu of clinical findings, Dr. Parlatore cited no clinical findings as support for his conclusions regarding the rejected limitations. (*See* AR 294.) The ALJ noted that Dr. Parlatore's clinical findings indicated that Plaintiff's sustained concentration, pace, and persistence were intact, as well as his ability to perform simple, repetitive tasks, and that these findings were inconsistent with Dr. Parlatore's opinion that Plaintiff could not perform activities within a schedule, maintain regular attendance, be punctual, learn new tasks, perform routine tasks without supervision, adapt to changes in a routine work setting, communicate and perform effectively in a work setting, complete a normal workday/workweek without interruptions from his symptoms, or maintain appropriate behavior in a work setting. (*See* AR 294.) In light of Dr. Parlatore's lack of explanation for the basis of these limitations, as well as his other opinions inconsistent with these limitations, the ALJ did not err in discounting Dr. Parlatore's opinion.

Accordingly, the Court concludes that the errors in the ALJ's decision are limited to the assessment of the opinions of Drs. Hamilton and Hale.

Outstanding Issues

The Court now turns to consider whether there remain outstanding issues such that further proceedings would serve a useful purpose. The Court concludes that there are outstanding issues related to the extent of Plaintiff's limitations, particularly in light of the adverse credibility determination and the conflicts in the medical record as to Plaintiff's physical limitations as well as mental limitations. (*See, e.g.*, AR 71, 84, 273-77, 290-94.) Because this second step of the "credit as true" test has not been satisfied, the Court need not proceed with the steps to consider whether Plaintiff would be considered disabled if the opinions of Drs. Hamilton and Hale were credited. Instead, the Court recommends that a remand for further proceedings is appropriate in this case.

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall (1) hold a new hearing, provide Plaintiff the opportunity to submit additional evidence, and issue a new decision; (2) reconsider the opinions of Drs. Hamilton and Hale; and (3) reconsider any other aspect of the decision as necessary.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 4, 2016**.

DATED this 12th day of February, 2015.

Mary Alice Theiler
United States Magistrate Judge